UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER D. STANLEY, *Pro Se*, | ) ) | Case Nos.: 5:19 CV 609 |
| | ) | 5:17 CR 368 |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | ORDER ON § 2255 PETITION |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Christopher D. Stanley's ("Petitioner" or "Stanley") Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Petition") (ECF No. 1 in Case No. 5:19 CV 609; ECF No. 27 in Case No. 5:17 CR 368).[1] For the following reasons, the court denies Stanley's § 2255 Petition.

**I. BACKGROUND**

On September 13, 2017, a federal grand jury returned an Indictment against Petitioner, charging him with the following nine counts: (1) distribution of 4-Methyl-N-Ethylcathinone ("4-MEC"), a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (2) distribution of 4-MEC, a controlled substance analogue, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C); (3) distribution of N-Benzylpiperazine ("BZP"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (4) distribution of 4-MEC, a controlled substance analogue, in violation of 21 U.S.C. §§

---

[1] All future citations will reflect the document numbers in Case No. 5:17 CR 368.

841(a)(1), (b)(1)(C); (5) distribution of BZP, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (6) distribution of 3,4-Methylenedioxymethamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (7) distribution of 4-MEC, a controlled substance analogue, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); (8) distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); and (9) distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. (ECF No. 1.)

On January 4, 2018, Stanley pled guilty, pursuant to a plea agreement, to Count 8 of the Indictment, and the Government agreed to dismiss the remaining counts. The plea agreement contained the following language with respect to issues reserved for appeal and post-conviction attack:

> Defendant acknowledges having been advised by counsel of Defendant's rights, in limited circumstances, to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255. Defendant expressly and voluntarily waives those rights, except as specifically reserved below. Defendant reserves the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) the Court's determination of Defendant's Criminal History Category. Nothing in this paragraph shall act as a bar to Defendant perfecting any legal remedies Defendant may otherwise have on appeal or collateral attack with respect to claims of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 21, at PageID #129.)

On April 17, 2018, the court sentenced Stanley to 84 months of imprisonment. (ECF No. 22.) Stanley did not appeal his conviction or sentence. On March 19, 2019, Petitioner timely filed the instant § 2255 Petition, claiming an unconstitutional conviction in violation of the Ninth Amendment as well as ineffective assistance of counsel. (ECF No. 27.) The Government submitted a response in opposition on May 1, 2019 (ECF No. 33) and Petitioner submitted a reply to the

Government's response on May 16, 2019 (ECF No. 34).

## II. LEGAL STANDARD

Section 2255, Title 28 of the United States Code, allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited, and "[o]nce [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted" and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164–65 (1982). Generally, to prevail on a § 2255 motion alleging a constitutional error, the petitioner must show an error of constitutional magnitude, which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993); *see also Murr v. United States*, 200 F.3d 895, 906 (6th Cir. 2000) (confirming that *Brecht* standard applies in § 2255 actions, as well as § 2254 actions). On collateral review, it is the movant's burden to establish his right to relief. *See McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003).

## III. LAW AND ANALYSIS

Stanley raises two claims in his § 2255 Petition. First, he argues that the drug that he pled guilty to distributing is not on the controlled substance analogue list. (Pet. at PageID #212, ECF No. 27.) Thus, he contends that he did not commit the crime for which he was charged, which violates the Ninth Amendment. (*Id*. at PageID #214–15.) Second, Petitioner claims that his counsel was ineffective because he failed to explain to Stanley the elements of the crime to which he pled guilty, including that he was pleading guilty to distributing a substance not listed in the statute. (*Id*. at

PageID #235–37.)

The court notes that under the terms of the plea agreement, Stanley waived his right to challenge his conviction or sentence on appeal, as well as through a post-conviction proceeding under 28 U.S.C. § 2255 on most grounds. (Plea Agreement, Page ID #129, ECF No. 21.) Therefore, Petitioner waived his right to challenge his conviction on the basis that his actions did not meet the elements of the crime. *See Short v. United States*, 471 F.3d 686, 698 (6th Cir. 2006) ("[P]lea-agreement waivers of § 2255 rights are generally enforceable.") (quoting *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). To the extent that Petitioner styles his Ninth Amendment claim as a challenge to "punishment in excess of the statutory maximum," as reserved in his plea agreement, this argument is also barred by waiver because Petitioner failed to raise it on direct appeal. Similarly, Petitioner's claim of ineffective assistance of counsel is procedurally defaulted because he did not first raise on direct appeal the issue that his plea was not knowing, intelligent, and voluntary. *Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on a collateral review only if first challenged on direct review.").

But even if Petitioner's claims were not barred by waiver, the premise of his wrongful conviction arguments are incorrect. Although Petitioner argues that his conviction was improper because the substances he pled to distributing were not on a controlled analogue list, and thus, did not meet the elements of the crime for which he was convicted, Petitioner pled to Count 8 of the Indictment, which charges him with distribution of heroin, a Schedule I controlled substance. (Plea Agreement at PageID #124.) The Government dropped the remaining counts. Thus, Defendant's assertion that the offense to which he pled guilty is not a federal crime is inaccurate.

4

Nevertheless, Petitioner also argues that his constitutional rights were violated in entering into the plea agreement and that the plea agreement is invalid because he was charged for several counts of distribution of a controlled substance analogue that was not on the controlled substance analogue list, the distribution of which did not constitute a crime. (Reply at PageID #265–66, ECF No. 34.) He also concludes on this basis that "the controlled substance analogue act . . . is unconstitutionally vague as applied to Stanley." (Pet. at PageID #232.) The charges that Petitioner is referring to are Counts 1, 2, 4, and 7 of the Indictment for which Petitioner was charged with distributing 4-MEC, a controlled substance analogue.

Here, Petitioner is again mistaken. Contrary to Petitioner's arguments, a controlled substance analogue list does not exist. However, the United States Code explains what constitutes a controlled substance analogue, for which someone can be convicted of illegal distribution. 21 U.S.C. §§ 813 and 841(a)(1). Thus, conviction for distribution of a controlled substance analogue may be proper even if that particular substance is not formally listed in Schedule I or II. In addition, the United States Supreme Court has upheld the Controlled Substance Analogue Enforcement Act of 1986, 21 U.S.C. §§ 802(32)(A) and 813, as unambiguous. *McFadden v. United States*, 135 S. Ct. 2298, 2306–07 (2015) (also noting that the Act's scienter requirement alleviates vagueness concerns); *see also United States v. Hofstatter*, 8 F.3d 316, 321–22 (6th Cir. 1993). Therefore, the court finds that, in addition to the fact that he pled guilty to distribution of a schedule I controlled substance, there was still no constitutional violation as to the charges of distribution of a controlled substance analogue.

Having dismissed Petitioner's claim that he was wrongfully convicted in violation of the Ninth Amendment, the court also dismisses Petitioner's ineffective assistance of counsel claim,

5

which Petitioner makes on similar grounds.

Counsel is presumed effective; thus, a petitioner has a significant hurdle in establishing ineffective assistance of counsel. *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Under *Strickland v. Washington*, a petitioner must show both: (1) that his counsel's errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment; and (2) that his counsel's deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). To show an attorney's performance was deficient, a defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. In making this determination, the court must "presume that counsel's advocacy 'fell within the wide range of reasonable professional assistance.'" *Blackburn*, 828 F.2d at 1180 (quoting *Strickland*, 466 U.S. at 689). Therefore, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* The petitioner must also demonstrate that the inadequate performance resulted in prejudice, such that the petitioner was deprived of a fair trial. *Strickland*, 466 U.S. at 687. Consequently, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691.

As evidence of deficiency, Petitioner states that his attorney informed him that the substances did not have to be listed for him to be convicted. (Pet. at PageID #243.) However, as discussed above, this is accurate legal advice. Stanley also argues that his attorney did not discuss with him certain cases and the elements of the crimes for which he had been charged. (*Id*. at PageID #235–41.) Therefore, he maintains that had he received this information, he may not have entered into the plea agreement, and might have proceeded to trial instead. (*Id*. at PageID #236) However,

6

these arguments do not rise to the standard required to show prejudice. Since Petitioner has not met his burden to show ineffective assistance of counsel, the court dismisses this claim.

## IV. CONCLUSION

For the foregoing reasons, the court denies Stanley's § 2255 Petition (ECF No. 1 in Case No. 5:19 CV 609; ECF No. 27 in Case No. 5:17 CR 368). Further, the court finds that no jurist of reason would find this court's decision to deny Stanley's § 2255 Petition debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 13, 2019